WD/NC (Rev. 5/2020) Agreed Order

FILED
Charlotte, NC

FEB 17 2022

Clerk, US District Court
Western District NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 0419 3:20CR00405-001 |
| | ) | |
| Paul Alexander Hicks | ) | |
| Defendant | ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Paul Alexander Hicks and for good cause shown therein, and also based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

1. **FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS (Date violation concluded: 11/2/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, the defendant failed to attend his scheduled treatment appointments on the following dates: 9/2/2021, 10/6/2021, 10/7/2021, 10/11/2021,10/19/2021, 10/20/2021 an 11/2/2021. (Grade C Violation)

2. **FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS (Date violation concluded: 10/13/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment

1

program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, the defendant failed to attend Code-A-Phone drug testing on 9/7/2021 and 10/13/2021. **(Grade C Violation)**

3. **DRUG/ALCOHOL USE (Date violation concluded: 10/19/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that, the defendant submitted to a uranalysis test on 10/19/2021, which returned positive for marijuana. **(Grade C Violation)**

4. **FAILURE TO MAKE REQUIRED COURT PAYMENTS (Date violation concluded: 11/8/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation," in that, the defendant is (2) months in arrears on his minimum restitution payment totaling $100. **(Grade C Violation)**

5. **FAILURE TO MAINTAIN LAWFUL EMPLOYMENT (Date violation concluded: 11/8/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational of vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education," in that, on or about 10/19/2021, the defendant quit his employment at Fed-Ex. The defendant has remained unemployed since that date. **(Grade C Violation)**

6. **DRUG/ALCOHOL USE (Date violation concluded: 12/3/2021).**
The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that, the defendant submitted a urine sample on or about 12/03/2021, that returned positive for marijuana. The defendant subsequently admitted to smoking marijuana while in jail on or about 11/19/2022. **(Grade C Violation)**

7. **LEAVING JUDICIAL DISTRICT WITHOUT PERMISSION (Date violation concluded: 1/4/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer," in that, on or about 1/4/2022, the defendant traveled to Kannapolis, North Carolina, without permission from his probation officer. Kannapolis, North Carolina, is located in the Middle District of North Carolina and is not part of the defendant's permitted travel area. **(Grade C Violation)**

8. **FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS (Date violation concluded: 2/2/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, the defendant failed to attend his scheduled substance abuse treatment classes at the McLeod Addictive Disease Center on or about 1/11/2022, 2/1/2022, and 2/2/2022. **(Grade C Violation)**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are maximum Grade C and that the defendant has a Criminal History Category of VI.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of VI is a term of imprisonment from (8) to (12) months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of four (4) months on each of Counts 4s and 8s, to run concurrently. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

3

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

4

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Paul Alexander Hicks be and is hereby SENTENCED to a term of imprisonment of Four (4) months on each of Counts 4s and 8s of the original judgment, to run concurrently. Defendant shall surrender for service of this sentence as instructed by the Bureau of Prisons, until which time defendant remains on release subject to the terms and conditions previously imposed.

It is further ORDERED that no additional term of supervised release is ordered following the defendant's release from imprisonment.

It is further ORDERED that any restitution order, fine, and special assessment imposed in the original Judgment in a Criminal Case are hereby reimposed and are to be paid in full immediately.

So ORDERED and ADJUDGED, this the 17th day of February, 2021.

Robert J. Conrad, Jr.
U.S. District Court Judge

**APPROVED**

_____
Paul Alexander Hicks
Defendant

_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Jason Kemp
Supervisory U.S. Probation Officer

_____
Corey Lapointe
Probation Officer

6